IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2006 MAR 17  AM 10: 53

TYRONE H. GUINN,          )
                               )
        Plaintiff,     )
                               )
   v.                     )  Civ. No. 05-875-KAJ
                               )
NICOLE M. WALKER,        )
                               )
        Defendant.   )

## MEMORANDUM ORDER

Plaintiff Tyrone H. Guinn ("Guinn"), an inmate at the Delaware Correctional Center ("DCC") brings this civil rights action pursuant to 42 U.S.C. § 1983. He appears *pro se* and on November 19, 2004, was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3.) I will now proceed to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, I am dismissing the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I.    THE COMPLAINT

Guinn alleges that defendant Nicole M. Walker ("Walker"), a public defender for the State of Delaware, caused him to be found guilty of a crime (i.e., assault) he did not commit. In essence Guinn alleges that Walker did not provide him with effective assistance of counsel. More specifically, he alleges that Walker failed to subpoena witnesses, failed to cross-examine witnesses, and failed to defend his "decisions of not guilty".

He seeks compensatory damages for the cost of his conviction due to his counsel's ineffectiveness, and for his mental anguish for being housed in the Security Housing Unit ("SHU") at the DCC.

## II.    STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III.    ANALYSIS

### A.    Plaintiff's Habeas Claim

2

To the extent that Guinn attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriquez*, 411 U.S. 475 (1973). Moreover, a plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 312 U.S. 477, 487 (1994). In the case at bar, Guinn has not alleged that his conviction or sentence was reversed or invalidated, as required by *Heck*. As is evident from his filings, he remains incarcerated at the DCC. Accordingly, to the extent Guinn seeks damages for his current incarceration, his claim rests on an "inarguable legal conclusion" and is therefore frivolous. *See Neitzke*, 490 U.S. at 326.

## B.    State Actor

Guinn is quite clear in his complaint that he brings suit against Walker on the basis that, according to him, she provided him with ineffective assistance of counsel. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Moore v. Tartler,* 986 F.2d 682, 685 (3d Cir.1993).

As alleged by Guinn, Walker is a public defender for the State of Delaware. Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Harmon v. Delaware Secretary of State,* 154 Fed.Appx.

3

283, 284-85 (3d Cir. 2005).   Because Walker is not considered a state actor, Guinn's claim against her fails under § 1983.

Therefore, I am dismissing, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) and §1915A(b)(1) the ineffective assistance of counsel claim brought against Walker for failure to state a claim upon which relief may be granted.

### III.    CONCLUSION

IT IS THEREFORE ORDERED that Tyrone H. Guinn' complaint is DISMISSED without prejudice as legally and  frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).   Amendment of the complaint would be futile.  *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d. Cir. 1976).

UNITED STATES DISTRICT JUDGE

March 17, 2006
Wilmington, Delaware